CHARLES J. SCHUCK, Judge.
Curtis Cottle, the claimant, and a miner employed in the mines at Havaco, McDowell county, while returning from his work late on the night of November 30, or early on-the morning of December 1, 1941, and while proceeding by automobile along route 10 toward his home at Spanishburg, Mercer county, collided with certain road machinery and equipment theretofore placed on said route by the state road commission or its agents and employees, and by reason of said collision was seriously and severely injured.
*314 The record reveals that on the night in question, the claimant left his work about midnight to proceed to his home in Spanishburg, Mercer county, by automobile. He had reached and passed the town of Matoaka and was traveling along route 10 when the accident in question occurred. Claimant maintains that the equipment in question occupied a great portion of the traveled road on the said route 10; that the equipment so placed was not properly lighted so as to inform an oncoming driver of its presence; and that the state road commission was negligent in carrying on the work without proper protection and signals or lights to the traveling public. The evidence also reveals that previous to the time of the accident in question, several other collisions had taken place at the same point and seemingly under the same circumstances and facts as presented in the instant case.
Claimant was very severely injured by the collision, sustaining a crushed pelvis, dislocated hip, fractured right knee, a broken nose, and his left wrist hurt, and other injuries. He maintains that he still suffers by reason of these injuries. He was confined in the hospital for nearly five weeks and to his bed at home about two weeks after his release from the hospital, and was disabled from doing any work for a period of some four or five months.
Claimant admits in his own testimony that he was driving approximately forty miles an hour at the time of the accident and that he experienced fog along the route after leaving the mine crossing the mountains into Matoaka and that there was some fog at the place of the collision as well as along route 10 between Matoaka and the place where the accident happened. Claimant maintains that there was but one red light displayed on the equipment placed on the said route, which equipment comprised a truck, shovel, several tractors, and other machinery, and this contention seems to be borne out by a preponderance of the evidence in the case. He maintains further that he concluded the red light in question appeared to be a tail light of an automobile ahead and that there was no other signal or warning of any kind that could inform him of the presence of *315 the equipment in question on the said route No. 10. The evidence further shows that no watchman was maintained at the place of the accident until after it had happened and that the usual warning signals, such as flares properly placed, had not been used. On the other hand, the evidence shows that on the afternooii of the day of the accident (Saturday) two lanterns were placed on the equipment, by two boys, one of whom was the son of the workman charged with placing the signals, but who had gone to Virginia on that afternoon and left the placing of the signals to the two boys in question; that the conditions, namely, the placing of the heavy equipment across or at nearly right angles on the road, allowing room or space for but one car or automobile going in either direction to pass, and the fact that the location in question was near a curve, made the situation dangerous and hazardous and required proper warning signals at least in the nighttime to be given or placed for the benefit of pedestrians and automobilists traveling on the highway in question at the time.
We are of the opinion that the proper precautions were not taken by the state road commission or those in charge of the work to give proper warning of the presence of the equipment and that the lanterns that were placed, one of which seems to have been knocked off the equipment previous to the time of the accident, were wholly inadequate to give the proper warning to anyone using the highway at the time. We are also of the opinion that this was negligence on the part of the state road commission and that such negligence was the proximate cause of the accident in question, although it may be well said that the claimant himself may have contributed to the severity of his injuries by reason of the speed at which he was traveling at the time of the accident, which would have been a legal speed under ordinary circumstances, but which speed was perhaps excessive in view of the weather conditions presented at the time. Claimant had experienced pockets of fog from the time he left his work until the accident happened and admits, as shown by the record, that there was fog at the very place of the collision and that there was visibility but for fifty or *316 sixty feet ahead. This element, of course, must be taken into consideration in fixing an award.
The testimony shows that the car driven by the claimant at the time of the accident was worth approximately six to six hundred and fifty dollars and that he was offered $125.00 for the automobile shortly after the wreck, which would make his loss approximately $500.00. Claimant was making approximately $240.00 a month at the time of the accident and since his recovery has been making from one hundred and fifty to one hundred and sixty dollars per month. His doctor and hospital bills amounted to $265.00.
We are of the opinion, considering all the circumstances in the case and the fact that claimant may have contributed to the severity of his injuries by his failure to use the proper degree of care under the then existing circumstances, that the sum of twenty-seven hundred and fifty dollars ($2750.00) would be a fair award for the injuries sustained, loss of time, and the injuries to his automobile, and an award is made accordingly.